UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK CHRISTOPHER CARSWELL,<br><br>Plaintiff,<br><br>v.<br><br>KYLE FERRARI, ET AL.,<br><br>Defendants. | Case No. 1:23-cv-00468-AKB<br><br>INITIAL REVIEW ORDER BY SCREENING JUDGE |

## I.  INTRODUCTION

Pending before the Court is pro se Plaintiff Jack Christopher Carswell's Amended Complaint. (Dkt. 5). Carswell initiated this lawsuit in October 2023 by filing his Complaint (Dkt. 2) and In Forma Pauperis Application. (Dkt. 1). The Court granted Carswell's In Forma Pauperis Application, but dismissed his Complaint without prejudice for failure to state a claim. (Dkt. 4). The Court also granted Carswell leave to amend, and he has since submitted an Amended Complaint for this Court to review. For the reasons explained below, the Court dismisses Carswell's Amended Complaint without prejudice for failure to state a claim and grants him leave to file an additional amended complaint.

## II.  LEGAL STANDARD

The Court is required to screen complaints brought by litigants who proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A complaint fails to state a claim for relief under Federal Rule of Civil Procedure 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### III.  ANALYSIS

In his original complaint, Carswell brought a section 1983 claim against two police officers of the Nampa Police Department, alleging the officers violated his rights under the First Amendment by threatening to arrest him for comments he made to his neighbors. The Court dismissed the original complaint for failure to state a claim because it did not specify which right

under the First Amendment was violated and did not provide sufficient factual details of the event in question to indicate he had suffered a violation of his constitutional rights.

In his Amended Complaint, Carswell clarifies the officers violated his First Amendment right to freedom of speech but provides no additional details of the event in question or his speech-related conduct. Instead, the Amended Complaint realleges that the officers threatened to arrest Carswell for committing a "criminal offense," although Carswell claims he was exercising a "[c]onstitutionally protected right." (Dkt. 5 at pp. 2-4).

As currently pleaded, Carswell's Amended Complaint still fails to state a claim on which relief may be granted. To state a claim pursuant to section 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, however, Carswell has not alleged sufficient facts to establish he suffered a constitutional violation. Again, the First Amendment does not guarantee absolute freedom of speech. *See Bd. of Cnty. Comm'rs v. Umbehr*, 518 U.S. 668, 675 (1996). In fact, several kinds of speech are not constitutionally protected. *See, e.g.*, *Counterman v. Colorado*, 600 U.S. 66, 69 (2023) ("True threats of violence are outside the bounds of First Amendment protection and punishable as crimes."); *Richey v. Dahne*, 733 F. App'x 881, 882 (9th Cir. 2018) ("Under the First Amendment, speech is protected unless the speech falls under one of a few narrowly defined categories of unprotected speech such as fighting words, defamation, or obscenity."). Consequently, to state a claim for a violation of freedom of speech, a complaint must include facts demonstrating the speech in question is constitutionally protected. *See Fielder v. Murphy*, 359 F. Supp. 2d 1055, 1057 (D. Haw. 2005) (citing *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1071 (9th Cir. 2004)).

**REVIEW ORDER BY SCREENING JUDGE - 3**

The Amended Complaint fails to do so, however. Although Carswell suggests that the officers threatened to arrest him for exercising his freedom of speech, the Amended Complaint does not provide any facts regarding the substance of his speech. As such, the Court cannot determine whether his speech is constitutionally protected. The Amended Complaint, therefore, still lacks sufficient facts about the alleged incident and the speech in question. Without further information regarding what prompted the encounter between Carswell and the officers, the illegality of the officers' actions is not readily apparent.

Accordingly, the Court dismisses the Amended Complaint without prejudice but grants Carswell leave to file another amended complaint. If Carswell chooses to amend his complaint, he must specify how he suffered a constitutional violation and provide sufficient factual background to support his claim. Specifically, Carswell must plead additional facts describing his words or actions which constitute protected speech under the First Amendment. Failure to do so may result in dismissal of his complaint with prejudice.

## IV.  ORDER

**IT IS ORDERED that:**

1.  Carswell's Amended Complaint (Dkt. 5) is **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Carswell leave to file an amended complaint in substantial compliance with this Court's analysis above. **Carswell must file his Amended Complaint within sixty (60) days of the issuance of this Order.**

2.  Failure to file an amended complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without future notice.

DATED: February 12, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge