UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK CHRISTOPHER CARSWELL,<br><br>Plaintiff,<br><br>v.<br><br>KYLE FERRARI, et al.,<br><br>Defendants. | Case No. 1:23-cv-00468-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I.  INTRODUCTION

The Court has before it pro se Plaintiff Jack Christopher Carswell's Motion to Review Second Amended Complaint. (Dkt. 9). Carswell initiated this lawsuit in October 2023 by filing his Complaint (Dkt. 2) and In Forma Pauperis Application (Dkt. 1). The Court granted Carswell's In Forma Pauperis Application but dismissed his Complaint without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. 4). Shortly thereafter, Carswell submitted an Amended Complaint, but the Court again dismissed it without prejudice for failure to state a claim. (Dkts. 5-7). Carswell has now filed his Second Amended Complaint for the Court to review. (Dkt. 8). For the reasons explained below, the Court will dismiss the Second Amended Complaint for failure to state a claim.

## II.  LEGAL STANDARD

The Court is required to screen complaints brought by litigants who proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it is (1) frivolous or malicious; (2) fails to state a claim upon which relief can be

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A complaint fails to state a claim for relief under Federal Rule of Civil Procedure 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### III.  ANALYSIS

In his Second Amended Complaint, Carswell asserts a claim under 42 U.S.C. § 1983 for Defendants' alleged violation of his First Amendment right to free speech.[1] To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the Constitution or created

---

[1] Carswell also alleges Defendants violated 18 U.S.C. §§ 241, 242. As criminal provisions, however, these statutes do not provide a private right of action to individuals or a basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Therefore, to the extent Carswell alleges violations of these statutes, he fails to state a claim for relief.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

by federal statute proximately caused by conduct of a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, the Second Amended Complaint alleges the named Defendants, law enforcement officers with the Nampa Police Department, came to Carswell's house on the evening of October 16, 2023, and intimidated him in response to his protected speech. Carswell specifically alleges Defendants claimed Carswell "had committed a criminal offense for a Constitutionally protected activity." (Dkt. 8, at 3). Defendants apparently threatened to arrest Carswell, told him his behavior would not be tolerated, and indicated they would "keep[] an eye" on Carswell to make sure he followed "the rules." (*Id.* at 4). Carswell alleges the protected activity in question was the statement "Fuck the Police," which he said during a conversation with his neighbors in a non-threatening manner. (*Id.* at 5).

To the extent Carswell alleges the Defendants violated his constitutional rights by taking adverse action against him because of his statement about police, the Court construes his allegations as attempting to state a First Amendment retaliation claim under section 1983. To establish a claim for First Amendment retaliation, a plaintiff must show: (1) he engaged in a constitutionally protected activity; (2) as a result, the defendant subjected him to adverse action, which would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *See Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022) (citation omitted).

Carswell's allegations do not state a plausible First Amendment retaliation claim. As an initial point, the statement "Fuck the Police" most likely constitutes protected speech. *See, e.g.*, *Houston v. Hill*, 482 U.S. 451, 461 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers."). Also, being threatened with arrest

generally qualifies as an adverse action. *See, e.g.*, *Cohoon v. Konrath*, 563 F. Supp. 3d 881, 890 (E.D. Wis. 2021) ("[T]he realistic threat of arrest establishes adverse action for retaliation purposes."). The complaint, however, lacks any factual allegations of a causal connection between Carswell's speech and Defendants' actions. A plaintiff may prove a causal connection between protected speech and adverse action using either direct or circumstantial evidence. *See Ulrich v. City & County of San Francisco*, 308 F.3d 968, 979 (9th Cir. 2002). Examples of circumstantial evidence include "a proximity in time between the protected speech and the adverse action, the defendant's expression of opposition to the protected speech, and evidence that the defendant proffered false or pretextual explanations for the adverse action." *Boquist v. Courtney*, 32 F.4th 764, 777 (9th Cir. 2022) (citation omitted).

Here, Carswell has not alleged any facts connecting his speech with the Defendants' actions. For example, Carswell has not alleged Defendants knew about his statement to his neighbors or that they knew he had expressed animosity toward the police at any time. Carswell only alleges Defendants came to his house because they believed he had "committed a crime" involving a "protected activity." These allegations are too vague and imprecise to establish a causal connection. Additionally, the Second Amended Complaint does not allege *when* Carswell's conversation with his neighbors occurred. Thus, there are no facts to infer Carswell's speech motivated Defendants' conduct based on an alleged proximity in time between the two. Therefore, while Carswell's statement to his neighbors may have motivated Defendants' actions, Carswell's latest complaint lacks facts to conclude as much at this time.

Accordingly, the Court will dismiss the Second Amended Complaint without prejudice for failure to state a claim for relief. The Court, however, will again grant Carswell another opportunity to amend his complaint. If Carswell chooses to amend his complaint, he must allege facts

establishing a causal connection between his protected speech and Defendants' actions. Mere conclusory statements such as "Defendants threatened to arrest me because of my protected speech" are insufficient. Failure to address this issue may result in dismissal of his complaint with prejudice.

## IV.  ORDER

IT IS ORDERED that:

1. Carswell's Second Amended Complaint (Dkt. 8) is **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Carswell leave to file an amended complaint in substantial compliance with this Court's analysis above. **Carswell must file his Amended Complaint within sixty (60) days of the issuance of this Order.**

2. Failure to file an amended complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without future notice.

DATED: May 14, 2024

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge