UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JACK CHRISTOPHER CARSWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>KYLE FERRARI,<br><br>    Defendant. | Case No. 1:23-cv-00468-BLW-REP<br><br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Motion to Amend Pleadings and Join Parties (Dkt. 38). For the reasons set forth below, the undersigned recommends that the Court deny Plaintiff's motion as currently submitted. The undersigned, however, invites Plaintiff to file objections to this Report and Recommendation if he believes he can remedy any of the factual defects outlined below.

## BACKGROUND

Plaintiff filed this civil rights lawsuit on October 19, 2023. (Dkt. 1.) The Court dismissed Plaintiff's first three complaints because they lacked sufficient factual matter to state a claim for relief. (Dkts. 4, 7, 10.) On May 22, 2024, Plaintiff submitted a Third Amended Complaint for the Court's review. (Dkt. 11.) This complaint provided more context for Plaintiff's claims, explaining that a Nampa police officer – Kyle Ferrari – signed a probable cause affidavit in October 2023 charging Plaintiff with committing misdemeanor crimes of

REPORT AND RECOMMENDATION - 1

disturbing the peace for yelling "fuck the police" at a neighbor on three different occasions. (Dkt. 11-1, Exh. 1.)

Three months after the probable cause affidavit was signed, a Canyon County Clerk of Court issued a criminal summons ordering Plaintiff to appear in court on the charges. (Dkt. 11-1, Exh. 2.) The summons was returned "non-found" by a Nampa police officer the same day. *Id.* On March 7, 2024, Judge Debra Orr signed a warrant for Plaintiff's arrest. (Dkt. 11-1, Exh. 3.) Nampa police Officer Bobby Maddox executed the warrant on March 27, 2024. *Id.*

In the Third Amended Complaint, Plaintiff attempted to assert civil rights claims against eight Nampa police officers, including Officer Ferrari. According to Plaintiff, these officers (i) retaliated against him for exercising his free speech rights, (ii) failed to serve a summons on him prior to his arrest, (iii) improperly took him to jail upon his arrest instead of immediately presenting him to a magistrate judge, (iv) used excessive force against him, and (v) otherwise arrested him unlawfully. (Dkt. 11-1.)

In October 2024, the Court conducted a detailed review of Plaintiff's Third Amended Complaint. (Dkt. 12.) Based on this review, the Court concluded that Plaintiff had presented sufficient facts to support a First Amendment retaliation claim against Officer Ferrari. The Court, however, found that Plaintiff's remaining claims were either factually unsupported or legally flawed, and the Court dismissed every other claim without prejudice. *Id.* at 5. For example, the Court dismissed Plaintiff's excessive force claim because Plaintiff had failed to present any factual allegations in support of this claim. *Id.* at 8-9. The Court also noted that Plaintiff's Third Amended Complaint contained no allegations against several of the named officers and dismissed the claims against these officers. *Id.* at 9-10.

**REPORT AND RECOMMENDATION - 2**

The Court informed Plaintiff that it would not entertain a motion to reinstate any of these claims or add any new defendants until Defendant Ferrari was served and had appeared in the lawsuit. (Dkt. 12.)

On November 8, 2024, Defendant Ferrari made his appearance in this lawsuit. (Dkt. 16.) The Court subsequently issued a scheduling order setting a deadline of April 10, 2025 for Plaintiff to move to amend his pleading or join parties. (Dkt. 34.) On April 15, 2025, Plaintiff timely[1] filed a motion to amend seeking to reinstate several previously dismissed claims and add claims against multiple new Defendants. (Dkt. 38.) The motion to amend does not present any new information about Plaintiff's interactions with the Nampa police department or the details of his subsequent arrest and prosecution.

## **LEGAL STANDARD**

The Court is required to screen complaints brought by litigants who proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it is (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

When evaluating whether a complaint states a claim upon which relief can be granted under § 1915(e)(2)(B)(ii), the court accepts as true all well-pleaded factual allegations in the complaint, disregarding any unsupported legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] On April 7, 2025, Plaintiff emailed a copy of his motion to amend to defense counsel and the Court. Plaintiff mailed the motion to the Clerk's Office the following day for filing. While the motion did not arrive at the courthouse until April 15, 2025, Plaintiff remained in contact with the Court and opposing counsel during this period, and the undersigned's staff attorney promised that motion would be treated as timely filed.

**REPORT AND RECOMMENDATION - 3**

(2009).² Next, having identified the adequately pleaded facts, the court "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Stated concisely, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. Dismissal under this standard can be predicated on either (a) "a lack of cognizable legal theory" or (b) "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

Where, as here, a motion to amend suffers from factual deficiencies, a plaintiff should generally be notified of the defects and provided an opportunity to cure them. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (prior to the amendment deadline, "dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment"); *see also* Fed. R. Civ. P. 15(a) (prior to trial, "[t]he court should freely give leave" to amend a complaint "when justice so requires").

## DISCUSSION

The undersigned construes the motion to amend as an attempt to reinstate the following claims, which the Court previously dismissed without prejudice: (i) a due process claim alleging that the Nampa Police Department improperly failed to serve Plaintiff with a summons before arresting him, (ii) an excessive force claim, (iii) an unlawful arrest claim against Officer Bobby Maddox for executing the state court arrest warrant, and (iv) unspecified civil rights claims

---

² "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

**REPORT AND RECOMMENDATION - 4**

against Nampa police officers Justin Giesige, Rodger Holscher, "Officer Shepard," James Williams, and Erick Moore.

The motion to amend also attempts to add the following new claims: (i) a claim against Judge Debra Orr for signing a warrant for Plaintiff's arrest, (ii) malicious prosecution claims against Canyon County prosecuting attorneys Bryan Taylor and Spencer Guier for filing (or otherwise supporting) a criminal complaint charging Plaintiff with three counts of disturbing the peace, (iii) claims against Plaintiff's criminal defense attorney, David Delyea, for failing to provide adequate representation and involving himself, in some unspecified manner, in the police department's harassment, intimidation, excessive force, and retaliation, (iv) claims against the City of Nampa, the Nampa Police Department, and Canyon County for failing to properly train their employees, (v) a Fourth Amendment claim alleging that the Nampa police unlawfully arrested Plaintiff for a misdemeanor crime that was not committed in the presence of an officer, (vi) a due process claim alleging that the Nampa police officers involved in Plaintiff's criminal case showed favoritism to Plaintiff's neighbors and failed to conduct a thorough investigation, and (vii) and unspecified civil rights claim against Nampa police Chief Joe Huff.

None of these claims can survive review. As set forth in more detail below, some of Plaintiff's claims are based on faulty legal theories or are asserted against Defendants who enjoy immunity from suit. The others lack any factual content. For the claims that are not legally cognizable, the undersigned recommends that Plaintiff's motion be denied without leave to amend. For the claims that lack sufficient factual content, the undersigned has invited Plaintiff to file an objection to this Report and Recommendation providing that content. If Plaintiff is able to satisfy this directive, the undersigned recommends that the Court review the information

REPORT AND RECOMMENDATION - 5

that Plaintiff submits and allow Plaintiff to proceed on any of the highlighted claims that are properly supported.

### A. Judicial Immunity

Plaintiff seeks leave to add claims against Judge Debra Orr for issuing an arrest warrant that was not supported by probable cause. Mtn. to Amend at 3, 18 (Dkt. 38). Absolute judicial immunity bars suits seeking damages for judicial acts. *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [herself]." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (cleaned up). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Curry v. Castillo (in Re Castillo)*, 297 F.3d 940, 947 (9th Cir. 2002).

Here, Plaintiff seeks to hold Judge Orr liable for issuing an arrest warrant. This is a core judicial function, which is covered by judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (discussing the factors that are relevant to determining whether an act is judicial in nature); *see also McCook v. Guillemet*, No. 2:23-CV-08351, 2024 WL 3608332, at *5 (C.D. Cal. June 20, 2024) (explaining that the issuance of a search warrant is a judicial act). The undersigned recommends that the Court deny Plaintiff's motion to add claims against Judge Orr without leave to amend.

### B. Prosecutorial Immunity

Plaintiff also seeks to add claims of malicious prosecution against two of the prosecuting attorneys who participated in charging him with disturbing the peace. Mtn. to Amend at 3-4 (Dkt. 38); *see also* Warrant of Arrest (Dkt. 11-1, Exh. 3). A state prosecutor is entitled to

absolute immunity from liability under § 1983 when he or she engages in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Tasks that are "intimately associated with the judicial phase of the criminal process" include initiating and pursuing a criminal prosecution and preparing and filing charging documents. *See Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). The Canyon County prosecuting attorneys whom Plaintiff seeks to sue enjoy absolute immunity under this case law. *Id.* ("a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution"). The undersigned recommends that the Court deny Plaintiff's request to add claims against Bryan Taylor and Spencer Guier without leave to amend.[3]

### C. Plaintiff's Claims Against his Defense Attorney

The next defendant that Plaintiff seeks to add to the lawsuit is his criminal defense attorney, David Delyea. Mtn. to Amend at 4 (Dkt. 38). Plaintiff alleges that Mr. Delyea did not provide him with adequate representation, violated multiple, unspecified Rules of Professional Conduct, and was involved, in some unidentified manner, "in the unlawful/intentional discrimination, harassment, intimidation, excessive force and retaliation that ensued" from Officer Ferrari's decision to file charges against Plaintiff. *Id.* The undersigned construes this

---

[3] While prosecutors do not enjoy immunity for performing investigatory or administrative functions, Plaintiff has not moved to bring charges against Defendants Taylor or Guier for such work, and the time for adding new claims to the case has expired. If Plaintiff would like to add any new claims to the case that are not included within the motion to amend, Plaintiff must file a motion showing good cause why the deadline to move to amend should be reopened. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (a party that files a motion to amend filed after the pretrial scheduling order deadline must satisfy the good cause standard of Federal Rule of Civil Procedure 16(b)).

**REPORT AND RECOMMENDATION - 7**

portion of Plaintiff's motion to amend as an attempt to add constitutional claims against Mr. Delyea under § 1983.[4]

Generally speaking, a defense attorney does not act under color of state law – an essential element of a § 1983 claim – when performing the traditional functions of defense counsel in a criminal case. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result, a defense attorney may not be held liable under § 1983 for ineffective assistance of counsel. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (a state public defender who was deficient in performing traditional lawyer functions was not a state actor subject to liability under § 1983). There is an exception to this general rule for public defenders who conspire with state officials to deprive a defendant of his civil rights. *See Tower v. Glover*, 467 U.S. 914, 923 (1984). To state a claim for conspiracy, however, a plaintiff must "state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Plaintiff's motion to amend contains no facts indicating that Mr. Delyea participated in such a conspiracy.

In the absence of such facts, Plaintiff's request to add claims against Mr. Delyea must be denied. At this stage, however, this recommendation can only be provisional. Unlike the immunity doctrines discussed above, which bar Plaintiff from bringing the specific claims he has alleged against the judge and prosecutors, the defect in Plaintiff's claims against his defense

---

[4] The undersigned does not understand Plaintiff to be asserting any state law malpractice claims against Mr. Delyea. If this is incorrect, Plaintiff may file an objection to this Report and Recommendation clarifying the nature of his claims against Mr. Delyea. The undersigned warns Plaintiff, however, that should he remain unable to adequately plead any *federal* claims against Mr. Delyea, any state law malpractice claims he alleges may be subject to dismissal under Federal Rule of Civil Procedure 20(a)(2) as insufficiently related to the civil rights claim against Officer Ferrari. In other words, Plaintiff may need to file his malpractice claims, if any, in state court.

**REPORT AND RECOMMENDATION - 8**

attorney is factual, not legal, in nature. When a pro se complaint is subject to dismissal on such grounds, the Court must ordinarily provide a plaintiff with an opportunity to cure the defect. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (generally speaking, a court may not dismiss a pro se complaint without leave to amend unless the Court has given the plaintiff "notice of the deficiencies in his complaint" and "it is absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment").

Here, the objection process provides Plaintiff with such an opportunity. If Plaintiff believes he can assert facts supporting the existence of a conspiracy involving Mr. Delyea (i.e. facts showing the who, what, where, when, and how of the conspiracy), Plaintiff should file an objection to this Report and Recommendation identifying these facts. If the facts are sufficient to state a claim against Mr. Delyea under *Burns*, the Court will grant Plaintiff's motion to add claims against him. If, on the other hand, any facts that Plaintiff submits fail to plausibly state the existence of a conspiracy, the Court should deny Plaintiff's request to add Mr. Delyea to the case. **The undersigned warns Plaintiff that failure to file an objection according to these instructions may result in the dismissal of Plaintiff's claims against Mr. Delyea without leave to amend.**

D.  The Fourth Amendment

Plaintiff asks to be permitted to reinstate his Fourth Amendment unlawful arrest claim. To support this claim, Plaintiff asserts one new theory and another theory that this Court has already rejected.

**REPORT AND RECOMMENDATION - 9**

      *a. Misdemeanor Arrests*

In the motion to amend, Plaintiff argues, for the first time, that his arrest on misdemeanor charges was unlawful because he did not commit the alleged crimes in the presence of a police officer. Mtn. to Amend at 11 (Dkt. 38).

To the extent Plaintiff is seeking to bring this claim under the Fourth Amendment, it fails under binding Ninth Circuit law. It is well-settled that § 1983 does not provide a basis for redressing violations of state law, but only for those violations of federal law done under color of state law. *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990). In *Barry*, the Ninth Circuit held that "[t]he requirement that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment." *Id.* While this holding has been subject to recent debate, it remains good law. *See Gonzalez v. United States*, 145 S. Ct. 529 (2025) (Sotomayor, J., concurring in the denial of certiorari) (suggesting that the Fourth Amendment may incorporate an "in-the-presence" limitation on warrantless misdemeanor arrests, even though every circuit to face the issue has held otherwise).

Even if *Barry* was not controlling, however, Plaintiff's challenge to his misdemeanor arrest would still fail because Plaintiff was not subject to a warrantless arrest. He was arrested pursuant to a warrant signed by a state court judge. (Dkt. 11-1, Exh. 3.) There is no "in-the-presence" requirement for such arrests under either state or federal law. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 341 (2001) (explaining that the "ancient" common law rule for misdemeanor arrests is that a police officer is only permitted to arrest someone *without a warrant* for a misdemeanor committed in the officer's presence); *see also* I.C. § 19-603 (providing that a "peace officer may make an arrest in obedience to a warrant delivered to him"); *State v. Clarke*, 165 Idaho 393, 399 (Idaho 2019) (explaining that the Idaho constitution prohibits

**REPORT AND RECOMMENDATION - 10**

"*warrantless* arrests for completed misdemeanors") (emphasis added). Any Fourth Amendment or state law claims Plaintiff is seeking to assert based on an "in-the-presence" requirement should be dismissed without leave to amend.

            b.   *The Execution of a Warrant that Lacks Probable Cause*

Plaintiff seeks to reinstate a claim against Officer Maddox for executing an allegedly fraudulent arrest warrant. Mtn. to Amend at 4 (Dkt. 38). In the Fourth Initial Review Order, the Court set forth the requirements for pleading such a claim. Screening Order at 9 (Dkt. 12). Specifically, the Court explained that an officer who relies on a facially valid arrest warrant signed by a judge is generally not liable for his actions. *Id.* (citing *Marks v. Clarke*, 102 F.3d 1012, 1028 (9th Cir. 1996). To proceed with an unlawful arrest claim against Officer Maddox, therefore, Plaintiff would need to identify facts showing that Officer Maddox should have known it was unreasonable to rely on the warrant. Because Plaintiff had not identified any such facts, the Court dismissed the claims against Officer Maddox without prejudice. Screening Order at 9 (Dkt. 12).

Plaintiff's motion to amend suffers from the same flaw. Plaintiff has not identified any facts indicating that Officer Maddox bears responsibility for any defects in the warrant. The undersigned, accordingly, recommends that the Court deny Plaintiff's request to add an unlawful arrest claim against Officer Maddox. If Plaintiff believes he can identify any facts in support of this claim, he should file an objection to this Report and Recommendation setting forth those facts. **Failure to file such an objection may result in the dismissal of Plaintiff's claims against Officer Maddox without leave to amend.**

**REPORT AND RECOMMENDATION - 11**

E.  Due Process

Plaintiff contends that Nampa police officers violated his due process rights when they arrested him without serving him with a summons, showed favoritism to the alleged victims of the offense, and failed to conduct a thorough investigation. Mtn. to Amend at 5, 16-17 (Dkt. 38). None of these actions rise to the level of a constitutional violation. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (explaining that the Fourth Amendment permits arrests for "very minor" criminal offenses); *Miller v. Vasquez*, 868 F.2d 1116, 1120 (9th Cir. 1989) (there is no overarching constitutional right to a diligent police investigation); *Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001) (explaining that "there is no constitutional due process right . . . to have [an] investigation carried out in a particular way"); *see also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) ("[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense."). The undersigned recommends that the Court deny Plaintiff's request to reinstate his due process claim without leave to amend.

F.  Excessive Force

In the Motion to Amend, Plaintiff makes a handful of references to "excessive force." Plaintiff, however, does not identify any facts regarding what type of force, if any, was used against him during his arrest. As the Court has previously explained, in the absence of specific information about the force used against Plaintiff, any excessive force claim is conclusory. *See* Screening Order at 8-9 (Dkt. 12.) To adequately plead an excessive force claim, a plaintiff must provide details about the "who, what, when, where, why, and how" of the allegedly excessive force. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (in the complaint, a plaintiff must

REPORT AND RECOMMENDATION - 12

set forth the facts underlying each claim and explain which wrongs were committed by which defendants).

Because Plaintiff has failed to provide this information, the Court should deny Plaintiff's attempt to revive his excessive force claim. If Plaintiff believes he can identify any facts in support of an excessive force claim, he should file an objection to this Report and Recommendation setting forth those facts. **Failure to file such an objection may result in the dismissal of Plaintiff's excessive force claim without leave to amend.**

G. Individual Participation

Plaintiff's Motion to Amend seeks to add claims against six Nampa police officials – Chief Huff[5] and Officers Giesige, Holscher, Shepard, Williams, and Moore – without specifying what these officials did to harm Plaintiff or how they were involved with his allegedly unlawful prosecution and arrest. *See generally* Mtn. to Amend (Dkt. 38). As this Court has previously explained, to proceed to discovery, a pro se plaintiff must do more than assert "an unadorned, the-defendant-unlawfully-harmed-me accusation." *See* Screening Order at 4 (Dkt. 12). In other words, a plaintiff must allege basic facts plausibly showing that the individual being sued personally participated in the alleged rights deprivation. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Because Plaintiff has not made this showing, the Court should deny Plaintiff's attempt to add claims against Chief Huff or Officers Giesige, Holscher, Shepard, Williams, and Moore in their individual capacities. If Plaintiff believes he can supply information showing that these

---

[5] It is unclear whether Plaintiff is attempting to sue Chief Huff individually or in his official capacity. To the extent, Plaintiff is attempting to bring an official capacity claim against Chief Huff, these claims are duplicative of his claims against the City of Nampa. *See Kentucky. v. Graham*, 473 U.S. 159, 165 (1985) (official-capacity suits are identical to a suit against the municipal entity itself).

**REPORT AND RECOMMENDATION - 13**

individuals personally participated in violating his constitutional rights, he should file an objection to this Report and Recommendation setting forth those facts. **Failure to file such an objection may result in the dismissal of Plaintiff's claims against Chief Huff and Officers Giesige, Holscher, Shepard, Williams, and Moore without leave to amend.**

H. *Monell* Liability

The final claims that Plaintiff seeks to add to the case are municipal liability claims against the City of Nampa, the Nampa Police Department, and Canyon County. *See generally* Mtn. to Amend (Dkt. 38). As Plaintiff's motion recognizes, § 1983 does not permit liability against governmental agencies simply for employing an officer who acts unlawfully. To impose liability on a municipality under § 1983, often called *Monell* liability after *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a plaintiff must prove: (i) that he was deprived of a constitutional right; (ii) the municipality had a policy; (iii) the policy amounted to deliberate indifference to his constitutional right; and (iv) the policy was the moving force behind the constitutional violation. *Gordon v. Cty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021). For the purposes of *Monell* liability, policy is defined broadly. A plaintiff can show the existence of "policy" in one of three ways: (i) a local government may be held liable when it acts pursuant to an expressly adopted official policy, (ii) a public entity may be held liable for a "longstanding practice or custom," including in some circumstances where the entity fails to train its employees adequately, and (iii) a local government may be held liable under § 1983 when "the individual who committed the constitutional tort was an official with final policy-making authority" or such an official "ratified a subordinate's unconstitutional decision or action and the basis for it." *Id*.

Here, Plaintiff seeks to proceed on a failure to train theory. *See* Mtn. to Amend at 7 (Dkt. 38). The Supreme Court has held that a "municipality's culpability for a deprivation of rights is

**REPORT AND RECOMMENDATION - 14**

at its most tenuous" in these circumstances. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To prevail on such a claim, a plaintiff must show both deliberate indifference to the need to train subordinates and the lack of training caused the constitutional harm or deprivation of rights. *Flores v. County of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014). Critically, mere negligence does not suffice to show deliberate indifference. *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). The plaintiff must allege facts to show that the municipality "disregarded the known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights." *Flores*, 758 F.3d at 1159; *see also Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 793-794 (9th Cir. 2016) (a plaintiff can proceed on a failure to train claim where the plaintiff shows that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need"). In all but a narrow range of cases, this requires showing a "pattern of similar constitutional violations by untrained employees." *Flores*, 758 F.3d at 1159.

Plaintiff acknowledges these standards, but fails to set forth any <u>facts</u> (as opposed to legal accusations) that would allow the Court to plausibly infer that the either City of Nampa or Canyon County could be held liable on a failure to train theory. Unless and until Plaintiff identifies such facts, his request to add municipal liability claims must be denied. If Plaintiff would like to continue pursuing *Monell* claims, he must file an objection to this Report and Recommendation (i) specifying how, when, or in what manner the improper training occurred or (ii) identifying examples of similar violations committed by the Nampa Police Department or Canyon County prosecutor's office that would have put these municipalities on notice of the need for additional training. The undersigned warns Plaintiff that conduct related to his own

**REPORT AND RECOMMENDATION - 15**

criminal prosecution is not sufficient to show a pattern of violations. In other words, Plaintiff cannot merely speculate that, because an employee or group of employees acted in a wrongful manner towards him, the cause was a failure to train, as opposed to the employees' own personal choices.

**<u>Failure to file an objection providing the facts necessary to support claims against the City of Nampa, the Nampa Police Department, and Canyon County may result in the dismissal of these claims without leave to amend.</u>**

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that: unless Plaintiff submits an objection to this Report and Recommendation curing the factual deficiencies outlined above, the Court deny Plaintiff's Motion to Amend Pleadings and Join Parties (Dkt. 38) without leave to amend.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 20, 2025

Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 16**